**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **TED C. SQUIRE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-3081-KHV** |
| **SIOBAN LEDWITH,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Petitioner, a prisoner in custody at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, seeks relief under 28 U.S.C. § 2241.

**Background**

On July 21 and December 7-9, 2009, a panel of officers and enlisted members sitting as a general court-martial at Wheeler Army Airfield, Hawaii, tried petitioner and found him guilty of engaging in a sexual act with a child who had not attained the age of 12 years. United States v. Squire, 2012 WL 3602088 (Army Ct.Crim.App. August 17, 2012). The panel sentenced him to 240 months in confinement and reduction to grade E-1. The convening authority reduced the term to 238 months and approved the rest of the sentence.

The Army Court of Criminal Appeals ("ACCA") considered the case under mandatory review. Appointed and retained counsel represented petitioner, who also submitted pro se assignments of error pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982).[1] The ACCA affirmed petitioner's conviction and sentence. Petitioner sought review in the Court of Appeals for the Armed Forces ("CAAF"). The CAAF granted review of petitioner's

---

[1] Under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), a military petitioner may personally present claims to the courts of military review where defense counsel declines to raise them.

confrontation claim but ultimately denied relief.

On December 3, 2013, petitioner commenced this habeas corpus action.[2]  Petitioner claims that he received ineffective assistance of counsel, that he was denied the right to confrontation and the right to testify, and that insufficient evidence supported the guilty verdict.

Standard Of Review

Under 28 U.S.C. § 2241, a federal court may grant habeas corpus relief where a prisoner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  The federal courts have limited authority, however, to review court martial proceedings.  Burns v. Wilson, 346 U.S. 137, 139-42 (1952).

Initially, review of a military prisoner's application for habeas corpus relief is limited to whether the military courts gave full and fair consideration to petitioner's claims.  Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993).  If so, the federal court will not address the merits and should deny the petition.  See Roberts v. Callahan, 321 F.3d 994, 995-96 (10th Cir. 2003)(citing Lips).

In this context, "full and fair" consideration occurs when the parties brief and argue the issue, even if the military court summarily resolves it.  Id. at 997; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).  A military court failure to specifically address a claim does not establish lack of full and fair consideration.  Lips, 997 F.2d at 812 n.2.  "[T]he military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion."  Id. (citing Watson, 782 F.2d at 145).

Where petitioner failed to present a claim to the military courts, the federal habeas court

---

[2]  Petitioner commenced this action in the U.S. District Court for the District of Columbia. That court transferred the matter to the District of Kansas on May 19, 2014 (Doc. #9).

will consider the claim waived. Watson, 782 F.2d at 145 (refusing to consider claims not presented to military courts).

If petitioner waives a claim, a federal habeas court may review it only if petitioner shows "both cause excusing the procedural default and actual prejudice resulting from the error." Lips, 997 F.2d at 812 (citations omitted).  To establish cause for procedural default, petitioner must show that some objective factor external to the defense and not attributable to petitioner impeded his ability to comply with the relevant procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986); U.S. v. Salazar, 323 F.3d 852, 855 (10th Cir. 2003). If petitioner establishes cause, he then must show "actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the alternative, a petitioner may excuse his procedural default by establishing a fundamental miscarriage of justice, which exists where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

### Analysis

#### Ineffective assistance of counsel

Petitioner claims that he received ineffective assistance of counsel in three respects: (1) counsel did not present evidence that the child victim recanted her allegations or advise the court of newly-discovered, probative evidence obtained during the court martial; (2) counsel did not present expert testimony to rebut government expert witness testimony concerning DNA analysis; and (3) counsel did not challenge the introduction of a "rape kit" where the record contained no testimony concerning the origin of underwear tested during the investigation (Doc. # 1, pp. 17, 21, and 23).

Petitioner raised the recantation issue in the ACCA, which addressed it in detail (Doc.

#15, Attach., 1, p. 10).   The ACCA applied the appropriate standard under <u>Strickland v. Washington</u>, 466 U.S. 668, (1984), and found that viewed as a whole, the record provided a reasonable explanation for counsel's failure to pursue the recantation issue.   In particular, the entire record contained "significantly more evidence" of sexual abuse which implicated petitioner than had been presented to the panel and petitioner had made an admission to agents of the U.S. Army Criminal Investigation Command ("CID").   The ACCA noted that neither side called the child victim, though she was present and available to testify and it found that counsel's decision not to call "an unpredictable child witness" was reasonable under the circumstances (Doc. #15, Attach. 1, p. 9).

Petitioner next claims that defense counsel provided ineffective assistance by failing to rebut the government's expert witness testimony that petitioner's DNA was in the victim's underwear.   Petitioner did not present this claim in the military courts, and he thus waived it. <u>Watson</u>, 782 F.2d at 145.   The record shows neither cause and prejudice nor a fundamental miscarriage of justice sufficient to overcome petitioner's procedural default. <u>Lips</u>, 997 F.2d at 812.

Last, petitioner presented to the ACCA his claim concerning the DNA and underwear (Doc. #15, Attach. 4, pp. 42-45)(asserting error in failure to impeach military investigative agent with evidence of prior false testimony and errors in maintaining the chain of custody).   In a <u>Grostefon</u> filing, petitioner also raised the ineffective assistance claim on this point (Doc. #15, Attach. 8, pp. 244-48)(claiming improper testing procedures rendered DNA evidence unreliable and challenging counsel's failure to challenge how underwear was collected).   The ACCA summarily dismissed these claims. (Doc. #15, Attach. 1, p. 2).   Even a summary dismissal, however, constitutes full and fair consideration. <u>Lips</u>, 997 F.2d at 812.

Right to confrontation

Petitioner alleges that defendants denied his right to confrontation in admitting victim statements to two examining physicians.

The ACCA and the CAAF considered this claim and concluded that the victim statements were not testimonial in nature and that their admission did not violate the Confrontation Clause. (Doc. #15, Attach. 1, pp. 4-9 and United States v. Squire, 72 M.J. 285 (ACCA 2013)).   They properly and thoroughly addressed the claim under Crawford v. Washington, 541 U.S. 36 (2004), and military case law and gave it full and fair consideration. Accordingly, the Court will not consider the claim in habeas corpus.

Right to testify

Petitioner alleges that in violation of his right to due process of law, he was not allowed to testify at the court martial proceedings.  On advice of counsel, petitioner decided not to testify. He later changed his mind and sought to testify, but counsel refused to let him do so  (Doc. #15, Attach. 8, pp. 240-44).

The ACCA stated that it had considered the entire record, including petitioner's claims under Grostefon, and determined that petitioner was not entitled to relief.  Though summary, this rejection of petitioner's claim is sufficient to establish full and fair consideration.  Lips, 997 F.2d at 812.

Sufficiency of the evidence

Finally, petitioner claims that viewed with the omissions of defense counsel, the evidence presented at his court-martial was insufficient to establish guilt.

The ACCA rejected this argument, finding that the evidence against petitioner was

5

"overwhelming."   That evidence included petitioner's semen inside the victim's vagina and underwear and petitioner's statement to investigators that if his semen were found inside the victim, any penetration was "accidental." (Doc. #15, Attach. 1, p. 10).

The military courts gave full and fair consideration to petitioner's evidentiary challenge.

<u>Conclusion</u>

As noted, the military courts gave full and fair consideration to petitioner's claims alleging the denial of his rights to confront adverse witnesses and testify and the sufficiency of the evidence.  In addition, petitioner's ineffective assistance claims on those issues received full and fair consideration.   Petitioner waived the remaining claim, which alleged ineffective assistance arising from counsel's failure to present expert testimony to challenge the government's DNA evidence.  As a result, the Court must deny habeas corpus relief.

**IT IS THEREFORE ORDERED** that the <u>Petition for Writ of Habeas Corpus</u>  (Doc. #1) filed December 3, 2013, be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's <u>Motion to Expedite Ruling on Petition</u> (Doc. #19) filed October 13, 2015, is **OVERRULED**.

Dated this 15th day of January, 2016 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

6